UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUKHJIT MINHAS, | CASE NO. C13-756 MJP |
| Plaintiff, | ORDER ON MOTION TO DISMISS |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE FOOD AND NUTRITION SERVICE, | |
| Defendant. | |

The Court, having received and reviewed:

1. Defendant's Motion to Dismiss (Dkt. No. 6)

2. Plaintiff's Petition to Deny Defendant's Motion to Dismiss (Dkt. No. 13)

3. Reply in Support of Defendant's Motion to Dismiss (Dkt. No. 16)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is GRANTED; Plaintiff's lawsuit is DISMISSED with prejudice.

ORDER ON MOTION TO DISMISS- 1

**Background**

Plaintiff, the owner/operator of Sam's Smoke Shop, was given a license to participate in the Supplemental Nutrition Assistance Program (SNAP) of the United States Department of Agriculture (USDA) in 2009. In December 2010, Plaintiff was notified that the USDA was charging him with illegally trafficking in the SNAP program. Administrative Record (AR) 88-89. He answered the charges (AR 110-15) and, after considering his response, the USDA decided to permanently disqualify him from the SNAP program. AR 555-56. Plaintiff asked for an administrative review of the decision; on March 30, 2011, the USDA issued its Final Administrative Decision (FAD), finding that there was sufficient evidence to support permanent disqualification from the SNAP program. AR 588-601. The FAD specifically stated:

> … if a judicial review is desired, the Complaint, *naming the United States as the defendant*, must be filed in the U.S. District court for the district in which you reside or are engaged in business, or any court of record of the State having competent jurisdiction. If any Complaint is filed, *it must be filed within thirty (30) days of receipt of this decision*.

AR 601 (emphasis supplied). This portion of the FAD reflects the requirements of 7 U.S.C. § 2023(a)(13).

Plaintiff filed his lawsuit on April 29, 2013, over two years after the FAD was issued. The sole named defendant in the litigation is not the United States but the USDA.

**Discussion**

The United States cannot be sued (a concept known as "sovereign immunity"). As a sovereign entity, it may only be sued when it has consented, by statute, to appear in a lawsuit. United States Dept. of Energy v. Ohio, 503 U.S. 607, 615 (1992). "[T]he existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). The Food Stamp Act (which creates the SNAP program), only waives sovereign immunity in the event that

the plaintiff files suit directly against the United States. It has long been held that § 2023 "was [not] meant to waive immunity with regard to any governmental party other than the United States itself." Calderon v. United States Dept. of Agric., 756 F.Supp. 181, 184 (D.N.J. 1990). Because Plaintiff chose to sue the USDA and not the United States, this Court has no jurisdiction over his claims.

Plaintiff argues that "this honorable Court does in fact have jurisdiction over this case because the defendant, USDA Food and Nutrition Services has denied Palintiff (*sic*) due process in it's (*sic*) administrative appeal process." Response, p. 1. This is a completely inadequate argument, with no statutory or case support. If this was the only problem with Plaintiff's pleading, it would be a simple matter to order him to amend his complaint to name the United States as the only defendant and let the lawsuit go forward. His complaint has more serious problems.

7 U.S.C. 2023(a)(13) states that a party seeking relief from a USDA decision may bring a civil action "within thirty days after the date of delivery or service of the final notice of determination." *See also* 7 C.F.R. § 279.7(a)("The complaint must be filed within 30 days after the date of delivery or service… of the notice of determination").

There is no question that Plaintiff did not file within 30 days. Plaintiff's only response to this fact is to argue that:

> Defendant's assertion that Plaintiff has no right to bring this case to court is ludicrous because the USDA has violated Plaintiff's due process… and should not be allowed to hide behind a technical 30 days rule when they, by their own action, have violated every rule of law. To do so would be a gross miscarriage of justice.

Response, p. 2. Again, this is an unsatisfactory defense, completely lacking in legal support. In the face of this problem, it would be useless to permit Plaintiff to amend and re-file his complaint – there is no turning back the clock on his late filing.

**Conclusion**

Plaintiff has failed to indicate why this Court should not enforce the jurisdictional rules as enumerated in 7 U.S.C. § 2023. In light of Plaintiff's failure to name the proper defendant or file his complaint within the required 30-day statutory period, this Court has no choice but to grant Defendant's motion and DISMISS this matter with prejudice.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated October 17, 2013.

_____
Marsha J. Pechman
United States District Judge